ABLE HANNUM *against* RICHARD GREGG.

*Defendant not entitled to issue a* distringas *without a proviso rule; or to costs where the plaintiff has not taken out a* distringas, *and given notice of trial.*

MR. BRACKENRIDGE for the defendant, moved that he should be allowed the costs of his witnesses, the plaintiff not going on to trial. The cause was at issue, but the plaintiff had neglected to take out his *distringas,* or give notice of trial.

He contended, that the *licentia interloquendi* at common law was confined to real actions. The plaintiff should always be ready to maintain his suit. It is true, the rule for trial is the plaintiff's, but he must be bound by it on the fair principles of mutuality. Both parties should be on an equal footing. If the plaintiff refuses, the defendant may sue out the *disringas* under the rule, and carry down the record for trial. 3, Bl. Com. 356, 357. Trials at bar are taken away by our laws. 1 Dall. Laws, 179 ,479. But in other respects, the courts of Nisi Prius here should conform to the English system. If the custom has been otherwise, it is unreasonable and should be reformed.

*Per curiam.* The law and practice is perfectly settled, and no innovation can be made thereon, unless evident injustice would be the result. To make any reform at Nisi Prius, where only part of the court sit together, would be peculiar improperly. There is a technical system of reasoning in the law. In some instances, the plaintiff is allowed superior advantages to the defendant, as in suffering a non-suit, not being obliged to file his *venire facias* against his will, (3 Mod. 245.) nor to give

any reason why he does not try his cause the first court, after issue joined, &c. The process by proviso is well known. In civil actions, the defendant cannot carry down a cause by proviso, till there be a laches in the plaintiff. 6 Mod. 246. 2 Salk. 652. And it has frequently been ruled, that though he has a proviso rule, he is not entitled to try his suit, unless he has taken out his *distringas* by proviso. The words in 3 Black. Com. 357, are very general, but they clearly imply that the plaintiff has been guilty of laches. This appears also from the statute of 14 Geo. 2, c. 17, (6 Ruff. Stat. 417,) from which our act of assembly, passed 21st. February, 1767, (1 Dall. Laws, 475,) is copied almost *verbatim*. There must be a previous neglect on the part of the plaintiff, to entitle the defendant to a rule for trial or non-suit. If the law was, as has been contended for by the defendant's counsel, the statute and act of assembly, instead of meliorating the condition of the defendants, would place them in a worse situation than they were before.

Motion denied.